SHORE LOAN ASSOCIATION, RESPONDENT, v. ALFRED
BONFORTE AND CONCETTA BONFORTE, APPELLANTS.

Submitted May 12, 1933—Decided July 20, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Thomas P. McKenna.*

For the respondent, *John C. Giordano* and *Julius Golden.*

The opinion of the court was delivered by

PARKER, J. The appeal purports to be from the "Decision"
of a District Court "making absolute a rule ordering the
said [appellants] to pay" to a constable holding the execution
against them in this cause, certain moneys required to satisfy
said execution.

Appellants do not dispute the judgment. From the con-
fused and incomplete record presented to us, we gather that
after judgment was regularly entered, there were an original,
an alias, and a pluries execution, and that the last was re-
turned May 23d, 1932, with levy on rents to accrue to de-
fendant Concetta on July 15th and August 15th, 1932, from
one George Gordon, tenant. Upon this return the court, on
November 4th, ruled Gordon and Concetta Bonforte to show
cause on November 18th, 1932, why sufficient of said rents
(then accrued) should not be paid to the constable to satisfy

the execution; and on December 4th made the rule absolute. The appeal is from this last order of December 4th; and for the appellants it is argued (by brief) that the levy on rents not due or accrued was without legal effect, and consequently that there was error in the order of December 4th.

It is a sufficient answer for present purposes to say that the order in question is not reviewable by appeal, but only by *certiorari*. *Gordon* v. *Pannaci,* 90 *N. J. L.* 392; *Oetjen* v. *Hintemann,* 91 *Id.* 429. This was the course taken in *Berkowitz* v. *First District Court,* 108 *Id.* 345.

The proceeding appears to have been taken under section 9 of the supplement to the District Court act (*Pamph. L.* 1924, *pp.* 429, 430, copied from *Pamph. L.* 1915, *p.* 182). It may be that rent not yet due may not be "rights and credits" subject to execution by virtue of sections 1 and 2 of those acts.

We incline to think, however, that under *Pamph. L.* 1915, *p.* 470 (copied into the District Court act—*Pamph. L.* 1924, *p.* 431), debts due or thereafter becoming due—see the language of the act—may be reached by execution specially ordered by the court pursuant to that act, which is repeated as sections 11 and 12 of the above act of 1924. But neither point is properly before us, and neither is decided.

For the reason stated above, the appeal is dismissed as not properly taken.